**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CORNELL PERKINS,**<br>*Plaintiff,*<br><br>v.<br><br>**CITY OF PHILADELPHIA,**<br>***BADGE NUMBER 7097*,**<br>*Defendant.* | **Civil No. 26-4995** |

**MEMORANDUM**

**COSTELLO, J.** **October 23, 2026**

Plaintiff Cornell Perkins, a former pretrial detainee in the Philadelphia Department of Prisons ("PDP"), alleges that correctional officers used excessive and unreasonable force against him. He brings this action against the City of Philadelphia (the "City") under 42 U.S.C. § 1983. In Count I, Plaintiff claims that the officers used excessive force against him in violation of his constitutional rights. In Count II, he asserts a municipal liability claim against the City, alleging that its policies, customs, and practices caused the violation of Plaintiff's constitutional rights. The City has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the action is time-barred by the applicable statute of limitations. For the reasons discussed below, the Court will grant the City's motion.

## I. BACKGROUND

On March 29, 2024, Plaintiff was a pretrial detainee at the Curran-Fromhold Correctional Facility in Philadelphia, a prison operated by the PDP. Compl. ¶ 8 (ECF No. 1-3). On that day, correctional officers allegedly used excessive and unreasonable physical force against Plaintiff while they relocated him to a different cell. *Id.* ¶ 9. Specifically, officers repeatedly struck

Plaintiff with their fists, continuing to do so after he was restrained. *Id.* ¶ 10. Plaintiff sustained lacerations, a broken rib, and contusions, and alleges that he did not receive necessary medical care. *Id.* ¶ 12.

The Philadelphia District Attorney's Office subsequently investigated and filed criminal charges against the correctional officers. *Id.* ¶ 14. A jury convicted the correctional officers of simple assault on April 6, 2026. *Id.* ¶ 15.

Plaintiff filed two civil actions related to the assault. He initiated his first civil action on July 1, 2024, by filing a Writ of Summons against the City in the Philadelphia County Court of Common Pleas. *Id.* ¶ 18. After a brief period of pre-complaint discovery, Plaintiff filed a *Praecipe* to Discontinue Without Prejudice on October 1, 2024. *Id.* ¶¶ 18-19. Plaintiff filed the instant action in the Court of Common Pleas on June 24, 2026, which the City subsequently removed to this Court. *See* Notice of Removal at 1 (ECF No. 1).

The City moves to dismiss the Complaint as time-barred. Def.'s Mot. to Dismiss at 1 (ECF No. 5). Plaintiff opposes the motion. *See generally* Pl.'s Resp. in Opp. (ECF No. 11).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept as true all "well-pleaded factual allegations," draw all reasonable inferences from them, and "determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)). A defendant bears the burden of showing that plaintiff has not presented a claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (internal citation omitted).

Although the statute of limitations is an affirmative defense, it may be raised in a motion to dismiss under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). A court may dismiss based on the statute of limitations only when the defense is apparent on the face of the complaint. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

**III. DISCUSSION**

The City argues that Plaintiff's claims are time-barred, and Plaintiff's initial action and his subsequent voluntary discontinuance of that action did not toll the applicable statute of limitations. Br. in Supp. Mot. to Dismiss at 3-5 (ECF No. 5-2). Plaintiff counters that filing his original Writ of Summons tolled the statute of limitations. ECF No. 11 at 4. The Court agrees with the City.

The statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). The statute of limitations for a § 1983 claim arising in Pennsylvania is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). While state law governs the length of the period, federal law governs when the claim accrues. *Id.* (internal citations omitted). Under federal law, a claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal citation omitted). State tolling principles also apply unless they conflict with federal law. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (citing *Kach*, 589 F.3d at 634).

**A. The Statute of Limitations Was Not Tolled**

The parties agree that the only dispositive question is whether the two-year statute of limitations period was tolled by Plaintiff's filing of the first action in July 2024 and his subsequent voluntary discontinuance in October 2024. *See* ECF No. 5-2 at 5; ECF. No. 11 at 4.

In Pennsylvania, "the statute of limitations is tolled by the timely commencement of an action which is accomplished by filing a writ or complaint." *Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 1008 (Pa. 2024). Under the Pennsylvania Rules of Civil Procedure, a plaintiff may voluntarily discontinue a suit at any time before trial. Pa. R. Civ. P. 229(a). Following a voluntary discontinuance, the plaintiff may proceed with the same cause of action by filing a second action. Pa. R. Civ. P. 231(a).

"The general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the plaintiff in the same position as if the action had never been instituted." *Motley Crew, LLC v. Bonner Chevrolet Co.*, 93 A.3d 474, 476 (Pa. Super. Ct. 2014). The discontinued action is a legal nullity, and the law acts as if no action had ever been filed. *Id.*; *Dixon v. Heritage Valley Sewickley*, 360 A.3d 946, 953-54 (Pa. Super. Ct. 2026). That a discontinuance operates to nullify an action as if it was never initiated is also supported by Rule 231(a), which "speaks in terms of a second or new action and not the continuation or revival of the action discontinued." *Motley Crew*, 93 A.3d at 476 (citing *Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 550 A.3d 1333, 1335 (Pa. 1988)).

Because a discontinued action is treated as if it never existed, it does not toll the statute of limitations. *See Williams Studio*, 550 A.2d at 1335-56 (citing *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983)). Once an action is voluntarily discontinued, the statutory period continues to run un-tolled, and any subsequent action must be

brought within the original limitations window. *See Dixon*, 360 A.3d at 954 ("[O]nce Appellee filed a *praecipe* to discontinue, the action could only again proceed with the filing of a new complaint within the two-year limitations period.").

Applying these principles here, Plaintiff's voluntary discontinuance on October 1, 2024, rendered his original July 1, 2024, Writ of Summons a legal nullity and returned the parties to their pre-litigation positions. The two-year statute of limitations began to run on March 29, 2024, when Plaintiff was injured, and it continued to run un-tolled. Plaintiff therefore had until March 29, 2026, to file a timely second action. Because Plaintiff did not initiate the instant action until June 24, 2026, nearly three months late, his claims are time-barred.

**B. Pennsylvania's Equivalent Rule Is Inapplicable**

In opposition to the City's motion, Plaintiff invokes the "equivalent rule" and argues that "where an action is filed in a timely manner by writ or summons or a complaint, but the operative complaint is filed after the running of the statute of limitations, the statute . . . is tolled if the plaintiff acted in 'good faith.'" ECF No. 11 at 7 (citing *Ferraro*, 313 A.3d at 1008-09). This argument ignores a critical distinction between extending service in a pending case and initiating a separate action.

Under the equivalent rule, a plaintiff who files a writ of summons or complaint within the limitations period has an additional block of time equivalent to the statute of limitations to reissue the writ or reinstate the complaint to effectuate service. *Ferraro*, 313 A.3d at 1002 (citing *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671-72 (Pa. 2005)). The Pennsylvania Supreme Court developed this rule to curb tactical delays permitted by Pennsylvania Rule of Civil Procedure 401, which requires service within thirty days but allows a plaintiff to reissue a writ or reinstate a complaint "at any time and any number of times." *Id.* at 1001-02 (quoting Pa.

R. Civ. P. 401(b)). Because Rule 401 technically allowed a plaintiff to satisfy the statute of limitations while delaying notice to the defendant indefinitely, it undermined the purpose of the statute of limitations. *Id.* To prevent this abuse, the Supreme Court of Pennsylvania developed the equivalent rule, and later modified it to "require a plaintiff to engage in a good faith effort to effectuate service of process" to avail themselves of the additional tolling period. *Id.* at 1001-02.

Plaintiff suggests that when he initiated the first action though a Writ of Summons on July 1, 2024, the equivalent rule granted him an additional two years to file a complaint upon the same cause of action. *See* ECF No. 11 at 4. However, none of the cases he cites involve a second action brought under Rule 231. Instead, *Ferraro* and the other cases Plaintiff relies on dealt with ineffective service of process after the timely filing of an action, not a second action based upon the same facts. *See Ferraro*, 313 A.3d at 990 (plaintiff timely filed a complaint and later attempted to re-instate it after it lapsed due to a failure to properly serve the defendant); *see also McCreesh*, 888 A.2d at 666 (plaintiff timely filed a writ of summons but improperly served defendant through certified mail); *Lamp v. Heyman*, 366 A.2d 882, 884-85 (Pa. 1976) (plaintiff filed a writ of summons ten days before the statute of limitations expired and instructed the prothonotary to not deliver it to the Sheriff for service); *Gussom v. Teagle*, 247 A.3d 1046, 1049 (Pa. 2021) (plaintiff filed the complaint within two-year statute of limitations but was unable to effect service and filed to reinstate one month after the statutory period had expired).

Unlike the plaintiffs in *Ferraro*, *McCreesh*, and *Lamp*, who maintained active lawsuits and sought to cure service deficiencies, Plaintiff here voluntarily discontinued his first action. Once he filed a *Praecipe* to Discontinue on October 1, 2024, there was no pending writ to reissue or complaint to reinstate under Rule 401(b). The equivalent rule applies to pending actions and operates to extend the time for service; it does not extend the time to file a second action after a

prior case was voluntarily discontinued and rendered a legal nullity. As *Dixon* explained, once a plaintiff files a *praecipe* to discontinue, like Plaintiff did here, the action can "only again proceed with the filing of a new complaint within the two-year limitations period." 360 A.3d at 954. Because Plaintiff failed to file his instant Complaint within the statute of limitations, this action remains untimely.

## IV. CONCLUSION

Based on the face of the Complaint, Plaintiff's claims are barred by the applicable statute of limitations. Accordingly, the Court will grant the City's motion and dismiss this action with prejudice. An appropriate Order follows.

**BY THE COURT:**

Mary Kay Costello

MARY KAY COSTELLO
United States District Judge